UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DANIEL ALONZO REYNA, § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:06-CV-455-A | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.　NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.　PARTIES**

Petitioner Daniel Alonzo Reyna, TDCJ-ID #1078682, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lovelady, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C.　FACTUAL AND PROCEDURAL HISTORY**

In September 2000 Reyna was charged with murdering Samuel Delapaz in cause number 0774992D in the Criminal District Court Number Two of Tarrant County, Texas. (State Habeas R. at 165.) Testimony at trial reflected that, on the evening of July 14, 2000, Reyna was with his fiancee Christina at Shooters bar and pool hall in Fort Worth. (Reporter's R., vol. 3, at 25.) The bar is owned by Marla Pyka, and she and Delapaz, her boyfriend, were bartending that night. (*Id.* at 23-24.) Reyna and some of his friends and relatives were regulars and were at the bar on the night in question. An altercation arose between Delapaz and Reyna involving Christina, which ultimately led to a shoot out between the two. Reyna was shot once in the side, and Delapaz was shot twice, once in the hand and once in the head. Delapaz died as a result of the gunshot wound to the head. The testimony was conflicting as to who pulled out his gun and shot first. The state presented testimony that Reyna was the aggressor and shot Delepaz first. The defense's theory was that Delapaz was the aggressor and pulled his gun and shot first and that Reyna returned fire in self-defense and in an effort to excape the bar.

On December 13, 2001, a jury found Reyna guilty of the offense as charged in the indictment, and, on December 14, 2001, assessed his punishment at life imprisonment. (*Id.* at 166.) Reyna appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment on February 13, 2003, and, on September 3, 2003, the Texas Court of Criminal Appeals refused his petition for discretionary review. *Reyna v. Texas*, 99 S.W.3d 344 (Tex. App.–Fort Worth 2003). *Reyna v. State*, PDR, No. 534-03. Reyna also filed a state application for writ of habeas corpus, raising one or more of the claims presented, which was denied without written

order on the findings of the trial court on May 10, 2006. *Ex parte Reyna*, Application No. WR-62,805-01. The instant federal petition was filed on June 26, 2006.[1]

**D.     RULE 5 STATEMENT**

Quarterman believes that Reyna has failed to exhaust one or more of his ineffective assistance claims as required by 28 U.S.C. § 2254(b) and that the claims are procedurally barred from federal habeas review. (Resp't Answer at 3-6.)

**E.     ISSUES**

In four grounds, Reyna raises the following claims: (1) the trial court abused its discretion by denying his motion for a lesser included offense instruction; (2) evidence of his tape recorded statement was erroneously introduced into evidence; and (3) he received ineffective assistance of counsel. (Petition at 7-8.)

**F.  LEGAL ANALYSIS**

   **1.  Standard of Review**

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that

---

[1] A pro se habeas petition is filed when the petition and any attachments are delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.* When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

**2. Lesser Included Offense Instruction**

Reyna claims the trial court's refusal to include a charge to the jury on the lesser included offense of criminally negligent homicide violated his right to present a complete defense and his right to due process. (Pet'r Memorandum at 9-11.) *See* TEX. PENAL CODE ANN. § 19.05 (Vernon 2003). Contrary to his assertion, however, the failure of a state trial court to give a lesser included offense instruction does not raise a federal constitutional issue. *Alexander v. McCotter*, 775 F.3d 595, 601 (5th Cir. 1985).

### 3. Confrontation Clause

Reyna claims, as a result of prosecutorial misconduct and ineffective assistance of counsel, his rights under the confrontation clause were violated because on cross-examination the state questioned him about his tape recorded statement made at the hospital when the detective who took the statement was not available for cross-examination. (Pet'r Memorandum at 12-20.) In support of his claim, Reyna relies on the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004). Reyna's conviction, however, became final on direct review before *Crawford* was decided, and the Supreme Court has ruled that *Crawford* is not retroactive to cases on collateral review. *Whorton v. Bockting*, 127 S. Ct. 1173, 1184 (2007). Furthermore, the state argued that Reyna's own inconsistent out-of-court statements were admissible to impeach his testimony at trial. (Reporter's R., vol. 5, at 46.) As noted by the state habeas court, such use does not violate the confrontation clause. (State Habeas R. at 155.) *See Crawford*, 124 S. Ct. at 1369 n.9 (citing *Tennessee v. Street*, 471 U.S. 409, 414 (1985)); *California v. Green*, 399 U.S. 149, 162 (1970).

### 4. Ineffective Assistance of Counsel

Reyna claims that his trial counsel was ineffective by failing to (1) adequately prepare for trial, (2) adequately investigate the crime scene, (3) protect his rights under the confrontation clause, and (4) request or hire a ballistic or forensic expert, and that the cumulative impact of counsel's failure to adequately investigate the circumstances of the case led to an unfair trial. (Pet'r Memorandum at 24-37.)

Quarterman asserts that one or more of Reyna's ineffective assistance claims are unexhausted and procedurally barred from federal habeas review. (Resp't Answer at 3-6.) Under the federal exhaustion requirement, a habeas petitioner must have fairly presented the substance of

his federal claim to the highest court of the state. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In order for a claim to be exhausted, the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions. *See Ruiz v. Quarterman*, 460 F.3d 638, 643 (5th Cir. 2006), *cert denied*, 127 S. Ct. 1815 (2007). It is not enough that a somewhat similar state-law claim was made. *Id.* An argument based on a legal theory distinct from that relied upon in the state court does not meet the exhaustion requirement. *Id.* Exhaustion requires a state prisoner to present the state courts with the same claim he urges upon the federal courts. *Id.*

Having reviewed Reyna's state habeas application and supporting memorandum, he has arguably exhausted his ineffective assistance claims, with the exception of his fourth claim enumerated above and his "cumulative effect" claim, which were not raised on direct appeal or in his state habeas application.[2] Thus, the claims are unexhausted. Under the Texas abuse-of-the-writ doctrine, however, Reyna cannot now return to state court for purposes of exhausting the claims. *See id.* art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, Reyna's claims not previously raised in state court are procedurally barred from this

---

[2]In his state habeas application, Reyna claimed counsel should have called an expert witness to set the proper predicate to question him on the deceased's propensity for violence and carrying weapons. (State Habeas R. at 24.) In this petition, he claims for the first time that counsel should have requested or hired a ballistic or forensic expert to pinpoint the path of the bullet, determine the object that it hit before it struck Delapaz, and determine the distance the bullet traveled and from what angle. (Pet'r Memorandum at 28.)

6

court's review. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000). Accordingly, the following discussion addresses only claims (1) through (3) enumerated above.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). An ineffective assistance claim is governed by the standards set forth in *Strickland.* 466 U.S. at 688. To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 688.

A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 668, 688-89. A habeas petitioner has the burden to prove counsel's conduct was deficient by a preponderance of the evidence. *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000). Moreover, where, as here, a petitioner's ineffective assistance claims have been reviewed on the merits under the *Strickland* standard and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence before the state court. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002). Under this standard, the state court's application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003). Having conducted an independent review of the record, the state courts' adjudication of Reyna's claims was neither erroneous nor objectively unreasonable under the *Strickland* standard.

7

After holding a hearing by affidavit on Reyna's claims, the state habeas court entered findings of fact refuting Reyna's allegations of ineffective assistance and recommended that habeas relief be denied. (State Habeas R. at 79-82, 148-53, 156-57.) In accordance with that recommendation, the Texas Court of Criminal Appeals denied relief based upon the trial court's findings. *Ex parte Reyna*, No. WR-62,805-01, at cover. Reyna has failed to rebut the presumptive correctness of the findings. Thus, the court must defer to those findings. 28 U.S.C. § 2254(e)(1).

Reyna claims counsel failed to adequately prepare for trial and investigate the crime scene, however, after reviewing counsel's affidavit and the state court records, it appears counsel adequately prepared for trial and investigated the crime scene. Counsel went to the scene, although he did not go inside the bar, and was familiar with the layout of the building, reviewed reports and photographs provided by the state and the medical examiner, and interviewed potential defense witnesses. Moreover, counsel's representation at trial reflects that he had a thorough knowledge of the case and relevant law. Finally, Reyna has not demonstrated with specificity what a more thorough investigation would have revealed and how it would have altered the outcome of the trial. *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

Reyna's claim that counsel failed to protect his rights under the confrontation clause by not properly objecting to the state's questioning regarding his tape recorded statement is frivolous in light of the discussion on the issue *infra*. Counsel is not required to make futile motions or objections. *See Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002).

### III. RECOMMENDATION

Reyna's petition for writ of habeas corpus should be DENIED.

## IV. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 20, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 20, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 30, 2007.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE