IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| DANIEL ALONZO REYNA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:06-CV-455-A |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department | § | |
| of Criminal Justice, | § | |
| Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein Daniel Alonzo Reyna ("Reyna") is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On July 30, 2007, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that the parties file objections, if any, thereto by August 20, 2007. Petitioner timely filed his written objections, to which respondent has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

I.

Background

According to the testimony at Reyna's trial, on the evening of July 15, 2000, Reyna and his fiancee were at Shooters, a bar and pool hall in Fort Worth, Texas. The owner of the bar, Marla Pyka, and her boyfriend, Sammy Delapaz ("Delapaz:), were bartending that night. Delapaz and Reyna became involved in an altercation that ended with each of them shooting at the other. Delapaz was shot twice, once in the hand and once in the head, and died as a result of the head wound. Reyna was shot once in the side. There was conflicting testimony as to whether Reyna or Delapaz pulled his gun and shot first. The state adduced evidence that Reyna was the aggressor and was the first to pull his gun and shoot. The defense presented evidence that Delapaz

2

was the aggressor and pulled his gun and shot first, while Reyna shot back in self-defense and in an effort to escape the bar.

On December 13, 2001, Reyna was tried and convicted by a jury of murder as alleged in the indictment and was sentenced to life in prison. The Court of Appeals for the Second District of Texas affirmed the conviction on February 13, 2003, and Reyna's petition for discretionary review of the affirmation was refused on September 3, 2003. On May 10, 2006, the Texas Court of Criminal Appeals denied Walker's state application for writ of habeas corpus. On June 29, 2006, Reyna filed his federal petition for writ of habeas corpus ("petition") in this court.

Reyna's petition alleged violations of his constitutional rights that resulted from: (1) the state's failure to give the jury an instruction on the lesser included offense of negligent homicide, (2) the state's introduction of evidence that did not allow for cross-examination, and (3) ineffective assistance of counsel. Specifically, Reyna alleges that his attorney failed to (a) adequately prepare for trial, (b) adequately investigate the crime scene, (c) protect his rights under the confrontation lause, and (d) hire a ballistic or forensic expert. Further, Reyna claims that the cumulative effect of his counsel's failure to adequately investigate the case resulted in an unfair trial.

After reviewing Reyna's petition, the magistrate judge concluded that his claim of ineffective assistance for counsel's failure to hire a ballistic or forensic expert and his cumulative effect claim should be barred because they were unexhausted in the state courts. Further, the magistrate judge concluded that Reyna's remaining claims should be denied on their merits. Reyna, in turn, filed objections to the magistrate judges conclusions ("objections").

II.

Analysis

A. Lesser Included Offense

The magistrate judge concluded that the state trial court's failure to give the jury an instruction on a lesser included offense did not violate Reyna's constitutional rights. Reyna's only objection to this conclusion is that "the failure to submit a lesser included offense charge to the jury deprived Petitioner of a fair and impartial jury trial and unconstitutionally usurped the jury'[s] fact finding role." Reyna's Objs. 2. As cited by the magistrate judge, the Fifth Circuit has explicitly stated that "the failure of [a] state trial judge to instruct a jury on a lesser included offense is not a federal constitutional matter." Alexander v. McCotter, 775 F.2d 595, 601 (5th Cir.

1985)(citing Easter v. Estelle, 609 F.2d 756, 758 (5th Cir. 1980)(and cases cited therein)). Therefore, Reyna's argument on this issue is without merit and his claim regarding the lesser included offense instruction should be denied.

B. Confrontation Clause

The magistrate judge concluded that because Reyna's conviction became final on direct review before Crawford v. Washington, 541 U.S. 36 (2004) was decided, the holding in that case regarding the confrontation clause did not apply retroactively to Reyna's case on collateral review. Whorton v. Bockting, 127 S.Ct. 1173, 1184 (2007). Regardless of the Crawford issue, the magistrate judge noted that "the state argued that Reyna's own inconsistent out-of-court statements were admissible to impeach his testimony at trial," FC&R 5, and he agreed with the state habeas court that the state's use of those statements did not violate the confrontation clause. Reyna's only objection to the magistrate judge's conclusion is that his counsel was ineffective in not objecting to the statements offered as evidence by the state. The entirety of Reyna's claims regarding ineffective assistance of counsel are discussed in the section below.

C. Ineffective Assistance of Counsel

1. Unexhausted claims

The magistrate judge concluded that Reyna's claim for ineffective assistance related to his counsel's failure to hire a ballistic or forensic expert and his claim that the cumulative effect of counsel's ineffective assistance rendered his trial unfair, were not previously raised in the state courts. Consequently, because the magistrate judge did not find cause and prejudice or a miscarriage of justice related to those unexhausted claims, he concluded that they were procedurally barred from this court's review.

Before a federal court can review a habeas petitioner's claims under 28 U.S.C. § 2254, those claims must be exhausted in the state courts. § 2254(b)(1). This exhaustion doctrine requires that petitioners first provide states a fair opportunity to apply federal constitutional issues to the same factual allegations. Ruiz v. Quarterman, 460 F.3d 638, 643 (5th Cir. 2006)(citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). The Fifth Circuit's opinion in Ruiz is instructive in defining a "fair opportunity".

> A fair opportunity requires that all the grounds of the claim be first and "fairly presented" to the state courts. In other words, in order for a claim to

> be exhausted, the state court system must have been
> presented with the same facts and legal theory upon
> which the petitioner bases his current assertions. It
> is not enough . . . that a somewhat similar state-law
> claim was made. An argument based on a legal theory
> distinct from that relied upon in the state court does
> not meet the exhaustion requirement. Exhaustion
> requires a state prisoner to present the state courts
> with the same claim he urges upon the federal courts.

460 F.3d at 643. The only exceptions to the exhaustion requirements are a showing by the petitioner that "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

Here, Reyna does not assert that one of the exceptions apply to relieve him of meeting the exhaustion requirement, rather, he maintains that all of his claims were exhausted in the state courts. Specifically, in his objections, Reyna argues that his claim regarding the hiring of the ballistic or forensic expert was exhausted because it

> is simply a more detailed version of previously claimed
> ineffective assistance of counsel for failure to
> investigate the crime scene, and relates back to that
> claim. A defense on the 'ricochet bullet theory'
> presented itself from the beginning of this case;
> counsel's failure to conduct an adequate investigation
> into [that theory] rendered him ineffective . . . ."

Reyna's Objs. 6. Further, Reyna appears to assert that his cumulative effect claim was exhausted and that the court should

review its merits because such a claim is "inherent in an ineffective assistance of counsel claim." Reyna's Objs. 10.

While Reyna maintains that his claim regarding the hiring of an expert has been exhausted because it is merely a more detailed explanation of his previous complaints of ineffective assistance, the court disagrees. As stated by the Fifth Circuit, it is not enough for Reyna to have presented "a somewhat similar state-law claim." Ruiz, 460 F.3d at 643. The exhaustion doctrine requires that the state law claim's facts and legal theory be the same as that brought in federal court. Id. Here, while Reyna's current claim that his attorney was ineffective in not hiring a ballistic or forensic expert may relate to earlier complaints, it does not contain the same facts or legal theory as his state law claims. Similarly, Reyna's cumulative effect claim contains some facts and theories that were presented in state court, but it was not the "same claim he [now] urges upon the federal court[]." Id. Therefore, those claims are unexhausted and, as there has been no showing of cause and prejudice or a miscarriage of justice, they are procedurally barred. See Nobles v. Johnson, 127 F.3d 409, 423 (5th Cir. 1997)(stating that the Texas abuse-of-the-write doctrine represents an adequate state procedural bar to federal habeas review).

## 2. Exhausted claims

The magistrate judge agreed with Reyna that three of his ineffective assistance claims had been exhausted in the state courts and he proceeded to review the merits of those claims. The magistrate judge concluded that Reyna's claims should be denied on their merits because Reyna failed to rebut the presumptive correctness of the state habeas court's findings that relief should be denied. Reyna objected to the conclusion.

To prevail on an ineffective assistance of counsel claim, petitioner must show, (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Further, before a federal court can grant habeas relief on an ineffective assistance of counsel claim filed pursuant to § 2254, it must find that the state court

9

unreasonably applied the <u>Strickland</u> standard. <u>Santellan v. Cockrell</u>, 271 F.3d 190, 198 (5th Cir. 2001) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 413); <u>see generally</u> 28 U.S.C. § 2254(d)(1).

Here, Reyna objects to the magistrate judge's conclusions on the merits of his ineffective assistance of counsel claims and maintains that counsel failed to: (1) adequately prepare for trial, (2) adequately investigate, and (3) sufficiently protect Reyna under the confrontation clause. The court concludes that those claims fail to survive the first prong of the <u>Strickland</u> test. Reyna's allegations do not demonstrate that his attorney's preparation, investigation, or conduct in general, fell below an objective standard of reasonableness. Counsel conducted an investigation of the crime scene and was prepared at trial with a good knowledge of the case. The fact that Reyna was unhappy with the outcome or feels that counsel could have done more is not enough to show unreasonable conduct. Further, counsel's failure to object to the introduction of Reyna's statements based on the interpretation of the confrontation clause in <u>Crawford</u> cannot constitute ineffective assistance because, as discussed above, <u>Crawford</u> does not apply to Reyna's case and it would have been a futile objection for counsel to make. <u>See Johnson v. Cockrell</u>, 306 F.3d 249, 255 (5th Cir. 2002)(stating that attorneys are not

required to make futile objections or motions). Because Reyna has failed to meet the first prong of the <u>Strickland</u> test, much less show that the state's application of <u>Strickland</u> was unreasonable, no further inquiry is necessary. <u>Strickland</u>, 466 U.S. at 697; <u>Santellan</u>, 271 F.3d at 198. Accordingly, the court concludes that Reyna's objections to the magistrate judge's FC&R are without merit.

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, denied.

SIGNED October 31, 2007.

JOHN McBRYDE
United States District Judge